967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elbert JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Leonardo CONTRERAS-SUBIAS, Defendant-Appellant.
 Nos. 91-50032, 91-50033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Feb. 5, 1992.
Resubmitted April 2, 1992.
Decided June 3, 1992.
 
 Before WALLACE, Chief Judge, and JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Johnson and Contreras-Subias (Contreras) appeal from the order of the district court denying their motion to dismiss the indictment on the basis that it violates double jeopardy. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review a denial of a motion to dismiss the indictment for a violation of double jeopardy de novo. United States v. Bates, 917 F.2d 388, 398 (9th Cir.1990). We affirm.
 
 
 2
 Johnson and Contreras were charged with violations of 21 U.S.C. §§ 952, 963, importation of, and conspiracy to import, cocaine and marijuana; and 21 U.S.C. §§ 841(a)(1), 846, possession, and conspiracy to possess, with intent to distribute the same. Contreras was also charged with participating in a continuing criminal enterprise (CCE), 21 U.S.C. § 848; conspiracy and substantive violations relating to the interstate and foreign transportation and investment of drug trafficking proceeds, 18 U.S.C. §§ 371, 1952(a)(1) and (3), 1956(a)(1)(B)(i); and aiding and abetting the willful failure to file a report with the Treasury Department upon transportation of $55,000 U.S. currency, 31 U.S.C. §§ 5316 and 5322(b).
 
 
 3
 Johnson was previously convicted in Oklahoma of tax evasion for the years 1984-87, in violation of 26 U.S.C. § 7201. Evidence at that trial included testimony relating to Johnson's marijuana trafficking in Southern California, which was offered to show a source of unreported income. In a separate Oklahoma prosecution, Johnson and Contreras were indicted for violations of RICO, 18 U.S.C. §§ 1961-68; travel, and use of a facility in interstate and foreign commerce in aid of a drug trafficking enterprise, 18 U.S.C. § 1952(a)(3); money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i), (a)(2)(B)(i); and structuring of financial transactions in violation of 31 U.S.C. § 5324(3). Both the Oklahoma and San Diego prosecutions include activities that occurred during overlapping periods of time.
 
 
 4
 In Grady v. Corbin, 110 S.Ct. 2084, 2087, 2093 (1990) (Grady ), the Supreme Court held that:
 
 
 5
 the Double Jeopardy Clause bars subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.
 
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.
 
 
 10
 Johnson and Contreras argue in favor of adopting a "same conduct" view of Grady. In support, Contreras cites United States v. Calderone, 917 F.2d 717 (2d Cir.1990), in which a divided panel held that Grady requires application of the "same conduct" test "to all double jeopardy claims arising in the context of successive prosecutions." Id. at 721. Calderone, however, was recently vacated. See United States v. Calderone, 60 U.S.L.W. 3715 (U.S. Apr. 21, 1992).
 
 
 11
 The government contends that none of the money laundering and transportation counts in these appeals have any relationship to the transactions upon which the Oklahoma charges were based. Contreras appears to contest this fact, but without citation. A review of the indictments supports the government's position. The government admits, however, that evidence of drug trafficking is common to both the Oklahoma and San Diego cases, although proffered for different purposes, and that additional evidence offered in Oklahoma would also be offered in a San Diego trial.
 
 
 12
 The issue presented, therefore, is whether Grady bars this prosecution in light of the prosecutions in Oklahoma. Grady involved successive prosecutions for offenses arising from a fatal auto accident. Grady was first prosecuted for minor traffic offenses, and later for vehicular homicide and assault. The Court held that the second prosecution violated double jeopardy because the state conceded that it would prove the entirety of the conduct for which Grady was previously convicted to establish essential elements of the homicide and assault charges.
 
 
 13
 The government argues that Grady is inapplicable here because it will not, for the purpose of establishing an essential element in the case, prove conduct that constituted an offense for which Johnson and Contreras have already been prosecuted. Grady, it contends, does not bar successive use of the same evidence in different prosecutions for different purposes. We agree.
 
 
 14
 In the Oklahoma case, the government introduced evidence tending to establish that Johnson and Contreras were drug traffickers and that they realized income from that activity. This evidence was offered to prove that the funds involved in the transactions were drug proceeds and that the defendants were aware of that fact. See Fed.R.Evid. 404(b) (evidence of other crimes admissible for limited purposes, including proof of "motive, opportunity, intent, preparation, plan, [and] knowledge ..."). Johnson and Contreras were not prosecuted for substantive drug offenses in Oklahoma and the "mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 112 S.Ct. 1377, 1383 (1992) (Felix ). Therefore, the government's use of drug trafficking evidence to prove an element of the RICO and money laundering charges does not bar subsequent use of the same evidence to prove the substantive drug crimes.
 
 
 15
 Contreras also argues that the CCE charge violates double jeopardy. In Garrett v. United States, 471 U.S. 773 (1985), the Court held that it was not a violation of the double jeopardy clause to prosecute a CCE offense after a prior conviction for one of the predicate offenses. Garrett was not overruled by Grady. Thus, even if the San Diego CCE charge against Contreras was predicated on conduct prosecuted in Oklahoma, such prosecution does not violate the double jeopardy clause.
 
 
 16
 Johnson contends that the government necessarily proved that he imported and possessed marijuana and cocaine to establish the illegal source of his income in the tax case and the illegal source of monies for the RICO and laundering convictions. He relies on the Tenth Circuit's opinion in United States v. Felix, 926 F.2d 1522 (10th Cir.1991), rev'd, 112 S.Ct. 1377 (1992), which was recently overturned by the Supreme Court.
 
 
 17
 Although evidence tending to prove that Johnson imported and possessed drugs was admitted at the earlier trials to prove elements of those offenses, the present charges do not require the government to "prove conduct that constitutes an offense for which [he] has already been prosecuted." Grady, 110 S.Ct. at 2087. As the Supreme Court recently reaffirmed, "the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." Felix, 112 S.Ct. at 1383. Therefore, we conclude that there were no double jeopardy violations in the prosecutions against Johnson and Contreras.
 
 
 18
 AFFIRMED.